**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GEORGE WESLEY JOHNSON** ) | |
| ) | |
| **Petitioner** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-2140 (HHK)** |
| ) | |
| **D.C. DETENTION CENTER, et al.** ) | |
| ) | |
| **Respondent** ) | |
| ) | |

**GOVERNMENT'S OPPOSITION TO**
**PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Attorney for the District of Columbia submits the following opposition to petitioner's <u>pro</u> <u>se</u> petition for a writ of habeas corpus, received in the Clerk's Office on November 27, 2007. The petition, which challenges the forfeiture of "street time" upon revocation of petitioner's parole, should be denied summarily.

STATEMENT OF FACTS

On September 24, 1975, petitioner George Johnson was sentenced to a 10 to 30-year prison term by the Superior Court of the District of Columbia for armed kidnapping (2 counts), armed robbery (2 counts), assault with a dangerous weapon (2 counts), unauthorized use of a vehicle, and receiving stolen property. (See Exhibit 1, Judgment and Commitment Order).

Petitioner was paroled on April 10, 1985 by the former District of Columbia Board of Parole. (See Exhibit 2, Parole Certificate). Petitioner was charged with multiple violations and given a revocation hearing by the D.C. Board on January 13, 1987. (See Exhibit 3, Record of Revocation Hearing). On January 21, 1987, the Board revoked petitioner's parole and ordered reconsideration for reparole by September 13, 1987. (See Exhibit 4, Order).

Petitioner was paroled again on September 17, 1987 to a consecutive jail sentence imposed in 1986 for possession of heroin. (See Exhibit 5, Parole Certificate and Exhibit 6, Judgment). Petitioner violated this parole and he was given a revocation hearing on June 30, 1988. (See Exhibit 7). On July 8, 1988, the Board revoked petitioner's parole and ordered reconsideration for reparole by June 2, 1989. (See Exhibit 8, Order).

Petitioner was paroled again on June 27, 1991. (See Exhibit 9, Parole Certificate). Petitioner committed more parole violations and he was given a revocation hearing on June 13, 1994. (See Exhibit 10). On July 5, 1994, the Board revoked petitioner's parole and ordered reconsideration for reparole by May 18, 1997. (See Exhibit 11, Order).

Petitioner was paroled for the fourth time on May 16, 2001 by the successor agency to the former D.C. Board, the United States Parole Commission. (See Exhibit 12, Parole Certificate). Petitioner was charged with violating parole conditions and the Commission issued a violator warrant on October 5, 2005. (See Exhibit 13, Warrant Application and Exhibit 14, Warrant). He was arrested on the warrant on October 19, 2005 and given a revocation hearing by a Commission examiner on December 21, 2005. (See Exhibit 15, Hearing Summary). On January 10, 2006, the Commission reinstated Petitioner to parole supervision. (See Exhibit 16, Notice of Action).

Petitioner was charged with violating parole conditions and the Commission issued a violator warrant on June 5, 2007. (See Exhibit 17, Warrant Application and Exhibit 18, Warrant). He was arrested on the warrant on August 3, 2007 and given a probable cause hearing by a Commission examiner on August 14, 2007. (See Exhibits 19 and 20, Return on Warrant and Hearing Digest). On October 10, 2007, a Commission hearing examiner met with petitioner to conduct his revocation hearing but petitioner requested a continuance when his attorney did not appear for the proceeding.

(See Exhibits 21 and 22, Memorandum and Notice of Action).  The hearing has been rescheduled to the next available docket (Exhibit 22).

ARGUMENT

Petitioner contends (at 5) that the Parole Commission has illegally extended his prison sentence beyond the imposed maximum term of 30 years.  Petitioner's claim should be denied because the petitioner has forfeited the time he spent on parole in light of his repeated parole revocations.  Thus, petitioner's sentence has been lawfully extended to November 2009 in accordance with the well-settled rule that time on parole ("street time") is forfeited upon revocation of parole.

Under controlling District of Columbia law, where, as here, parole has been revoked, none of the time that a prisoner has spent on parole can be credited to the service of his sentence.  See D.C. Code § 24-406(a); United States Parole Comm'n v. Noble, 693 A.2d 1084, 1085 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); Jones v. Bureau of Prisons, 2002 WL 31189792, *1 (D.C. Cir. 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Jackson v. Harrison, 2006 WL 3313300, *1 (D.D.C. Nov. 14, 2006) ("It is settled that District of Columbia prisoners have neither a constitutional nor a statutory right to retain street-time credit once their parole is revoked.").[1]  Therefore, the Commission did not err in forfeiting all of the time the

---

[1]    Section 24-406 ("Hearing after arrest; confinement in non-District institution") of the D.C. Code states in relevant portion:

(a)    When a prisoner has been retaken upon a warrant issued by the Board of Parole, he shall be given an opportunity to appear before the Board . . . .  If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less

-3-

petitioner spent on parole -- "street time" -- upon his revocation and return to detention, and the petition should be denied without a hearing.

## **<u>CONCLUSION</u>**

WHEREFORE, for the foregoing reasons, the government respectfully requests that the petition be denied summarily.  A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 451058

ROBERT D. OKUN
CHIEF, SPECIAL PROCEEDINGS DIVISION
D.C. Bar No. 457078

      /s/ Thomas S. Rees
THOMAS S. REES
Assistant United States Attorney
D.C. Bar No. 358962
555 - 4th Street, N.W., Room 10-911
Washington, D.C.  20530
(202) 305-4882

------

any commutation for good conduct which may be earned by him *after his return to custody*.  For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence.  *The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.*

(Emphasis added).

-4-

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the Government's Opposition To Petitioner's Petition

For A Writ Of Habeas Corpus, with exhibits, was served by first class U.S. mail, postage prepaid,

on this 7th day of January, 2008 as follows:

> George Wesley Johnson
> DCDC # 152-148
> Fed. Reg. # 11472-007
> Central Treatment Facility
> 1901 "E" Street, S.E.
> Washington, D.C. 20003
>
> Office of the Attorney General
> District of Columbia
> John A. Wilson Bldg.
> 1350 Pennsylvania Avenue, N.W.
> Suite 407
> Washington, D.C. 20004

>    /s/ Thomas S. Rees
> Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **GEORGE WESLEY JOHNSON** | ) |
| | ) |
| **Petitioner** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **D.C. DETENTION CENTER, et al.** | ) |
| | ) |
| **Respondent** | ) |

Civil Action No. 07-2140 (HHK)

_____ )

### <u>ORDER</u>

Upon consideration of the petitioner's Petition For A Writ Of Habeas Corpus, submitted <u>pro se</u> on November 27, 2007, and the Government's Opposition To Petitioner's Petition For A Writ Of Habeas Corpus, filed January 14, 2008, it is this ____day of _____, 2008, hereby

ORDERED that the Petition For A Writ Of Habeas Corpus is denied for the reasons stated in the Government's Opposition.

SO ORDERED.

_____
Henry H. Kennedy
United States District Judge

<u>Copies to:</u>

Thomas S. Rees
Assistant United States Attorney
555 Fourth Street, N.W.
Special Proceedings Division, Room 10-911
Washington, D.C.  20530

George Wesley Johnson

Fed. Reg. # 11472-007
DCDC # 152-148
Central Treatment Facility
1901 "E" Street, S.E.
Washington, D.C. 20003

Office of the Attorney General
District of Columbia
John A. Wilson Bldg.
1350 Pennsylvania Avenue, N.W.
Suite 407
Washington, D.C. 20004

## UNITED STATES DEPARTMENT OF JUSTICE

## UNITED STATES PAROLE COMMISSION

I certify that I am a custodian of records of the United States Parole Commission, which is a repository of records concerning parole release and supervision for federal and District of Columbia offenders. The Parole Commission's address is 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

I further certify that, on the date noted below, I had custody of the Parole Commission's file for George W. Johnson, Register Number 11472-007, as part of my official duties with the Commission.

The documents included with this certificate are true copies of documents found in that file.

*In witness whereof, I have signed, and caused the seal of the United States Parole Commission to be affixed on the date noted below.*



Rockne Chickinell
General Counsel
U.S. Parole Commission

Dated: 12-27-07

CD-46

# Superior Court of the District of Columbia

### CRIMINAL DIVISION

15 #/148-2
2

## JUDGMENT AND COMMITMENT ORDER

United States of America

Case Number 89274-74 (A)(C)(E)(O)(M)

vs

PDID Number 202-417 (W)

*George W. Johnson*

\* \* \* \* \* \*

WHEREAS the above-named defendant having entered a plea of

☒ Not Guilty                    ☐ Guilty

to the charge(s) of *(A) Armed Kidnapping, (C) Armed Robb. (M) Armed Robb. (E) ADW (O) ADW (U) UUV (W) R.S.P. (K) Armed Kidnapping*

and having been found guilty by

☒ Jury                    ☐ the Court

and a pre-sentence investigation and report having been

**Exhibit** *1*

☒ prepared and considered        ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

*As to Court (A) 10-30 yrs., Ct.(K) 10-30 years Concurrent w/ct. (A); ct(C) 10-30 yrs. concurrent w/(A); ct (M) 10-30 yrs. conc. w/(A); ct (E) 1-3 yrs conc. with (A); ct (O) 1-3 years conc. w/(A); ct (U) 1-3 years conc. w/sent. Id #98-312-75 (W) 1-3 yrs. conc. w/sent in #98-312-75co.*

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

*9-24-75*
Date

*Alfred Burka*
Judge

PB-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

APR 23 1985

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that
GEORGE JOHNSON _____ D.C.D.C. 152 148 ____ is eligible to be
PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will
remain at liberty without violating the law and that the release of the individual to supervision
is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-
named be PAROLED on ___ APRIL 10, _____, 19 85, and that said person remain under
supervision within the limits of the ___ WASH METRO AREA _____ (including the District of
Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax
Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)
until ___ AUGUST 25, ___ 2004 ___ 19 ; unless or until other action is taken by the District
of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide
by and comply with all of the conditions of parole as shown on the reverse side of this
CERTIFICATE.

Given under the hands and seal of the BOARD this ___ 28th _____ day
of ___ FEBRUARY _____, 19 85

Special Condition: Narcotic Surveillance

The above-named was released on
the 10 day of April 1985.

Samuel Rosser, Minimum Sec. FAcility
Administrator Lorton, Va.

Exhibit ___ 2 ___

81—P5804

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1.  I will report immediately upon my release to _____ 1010 North Capitol St., N.W. Department of Corrections, Room _____, for my final instructions.

2.  I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3.  I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4.  I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5.  I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6.  I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7.  I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8.  I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9.  I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

_George W. Johnson, Jr._    152-418    _April 10, 1985_
Signature of Parolee     D.C.D.C.     Date

_Stuart H. Allnrock_ _Chief, Classification & Parole Officer_   4/10/86
Signature of Witness     Title     Date

Government Of The District Of Columbia
BOARD OF PAROLE
1111 E Street, N.W.
6th Floor
Washington, D.C. 20004

(SUMMARY TRANSCRIPT)

Case of:        Johnson, George
D.C.D.C. No.:   152 148
Institution:    Maximum Security (Heard at Occoq. I)
Date:           January 13, 1987
Present:        Mr. Warren H. Moore

MR. MOORE:

Mr. George Johnson appeared before the Board on this date for
a Revocation Hearing.

He was advised of his right to be represented by counsel and
to have witnesses appear on his behalf.  These rights were
waived by him.

The matters before the Board go back initially to a memorandum
dated June 21, 1985, in which it is alleged:

        1.   Mr. Johnson is in violation of Parole Condition
             #4, in that a SYVA test result indicated that he
             submitted a positive urine on 5/29/85 for cocaine
             and marijuana; on 6/5 amphetamines, cocaine, and
             marijuana;  and on 6/12/85 for opiates, cocaine,
             and marijuana.

        2.   Mr. Johnson is in violation of Parole Condition
             #6, in that he failed to maintain legitimate
             employment.  The subject's supervisor, Mr. Providence,
             stated on 6/18/85 that the subject was terminated
             on 6/13/85 for insubordination and threatening a
             female supervisor.

        3.   Mr. Johnson is in violation of Parole Condition
             #7, in that he failed to keep his parole officer
             informed at all times where he was working after
             6/13/85.  He was terminated from his employment
             on 6/13/85 and failed to immediately notify his
             parole officer.

Before the Board could act on that memorandum, it was in
receipt of a second memorandum dated August 8, 1985, in which
it is alleged:

**Exhibit ___3___**

-2-   Johnson, George, 152 148, Maximum, January 13, 1987

4.   Mr. Johnson is in violation of Parole Condition
#10, in that he failed to follow instructions of
the parole officer to report in on June 26, 1985
for a referral to ADASA, as directed by the
parole officer on June 21, 1985.

The Board took the action in response to that memorandum on
9/8/85 of scheduling a personal appearance which Mr. Johnson
never kept.

Another memorandum dated 11/1/85 was submitted, alleging:

5.   Mr. Johnson is in violation of Parole Condition
#4 because of positive urine samples on August
6, 1985 for cocaine and marijuana; August 27,
1985 for opiates, cocaine, and marijuana.

6.   Mr. Johnson is in violation of Parole Condition
#7, in that he failed to keep his parole officer
informed as to where he resided after October
4, 1985.

7.   Mr. Johnson is in violation of Parole Condition
#10, in that he failed to follow the parole
officer's instructions on October 7th to report
on October 17, 1985 as directed by message of
October 16, 1985.  He also failed to cooperate
with the parole officer as directed by him in a
referral to ADASA on July 24, 1985.   The parole
officer received a letter from ADASA dated
August 20, 1985 which indicated that the subject
failed to report to ADASA as instructed and was
terminated from the ADASA program.

8.   Mr. Johnson is in violation  of the special
condition in that he failed to appear for
urinalysis on September 10, 1985.

By way of update, Mr. Johnson is also in violation of:

9.   Parole Condition #4 and Parole Condition #9, in
that he was arrested and charged with the offense
of Possession of Heroin.  He appeared in court
on 10/21/86 with reference to that matter and
was sentenced to a 240 day consecutive sentence.

In the hearing on this date Mr. Johnson readily admitted to
all the violations as charged.   He stated that actually he

-3-  Johnson, George, 152 148, Maximum Security, 1/13/87

was under the influence of drugs when he left the institution, using amphetamines, and while he felt he would be able to kick the habit once he reached the street, he found out this was not so.  Instead his drug addiction problems became worse with all the result as cited above, including a new law violation.

It is the finding of this member of the Board that Mr. Johnson is in fact in violation of Parole Conditions 4, 6, 7, 9, 10, and the special condition as alleged.. This Board members recommends that his parole be revoked, and that he be scheduled for another hearing on September 13, 1987.  This represents an actual setoff of 12 months, but credit is given for the some four months that he has been in custody since the Board's warrant was executed on 9/30/86.

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF MY SUMMARY NOTES, TAKEN AT THE TIME, PLACE, AND ON THE OCCASION INDICATED.

1/29/87

PB-3
REV. 8 - 81
85 – 9P758



GOVERNMENT OF THE DISTRICT OF COLUMBIA
**BOARD OF PAROLE**
WASHINGTON, D.C. 20001



# Order

*Name* Johnson, George

*DCDC Number* 152148

*Institution (or status and PO)* Maximum Sec.

The case of the above named person has come to the attention of the Board of Parole with reference to:

☐ Early parole hearing                      ☐ Warrant request
☐ Initial parole hearing                     ☐ Detainer review
☐ Parole rehearing / IRH                  ☐ Personal appearance
☐ Preliminary revocation hearing       ☐ Work release violation
☒ Revocation hearing                        ☐ Information

☐ Other: _____

REMARKS: _____

_____

RECOMMENDATION OF ANALYST / EXAMINER _____

_____

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

*Revoke parole (# 4, 6, 7, 9, 10
and special condition);
Rehear on 9-13-87*

Date *1-13-87*          District of Columbia Board of Parole:

                                             Chairman

Reason for the above action (where applicable): _____

_____ (N / A date *1-21-87* by _____

## Exhibit   4




PB-18
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

JOHNSON, GEORGE _____ D.C.D.C. __152-148__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on __September 17__, 19_87_, and that said person remain under

supervision within the limits of the __Department of Corrections(xxxxxxxxxxxxxxxxxxxxx

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

until __FEbruary 13, 2006__, 19_; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this __17th__ day

of __September__, 19_87_.

Grant reparole to consecutive sentence
(240 days)

The above-named was released on
the __17th__day of __Sept.__, 19_87_.

*E. Grosskopf*
Administrator
FOR *Bernard L. Braxton*

*[signature]*

*[signature]*

If subject is released prior to February 13, 2006, he is to report to parole
supervision, 1111 E Street, N.W., Suite 600, Washington, D.C.

Exhibit ___5___

81—P5804

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to _____
Department of Corrections, Room _____, for my final instructions.

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| | | |
|---|---|---|
| _Signature of Parolee_ | 152148 _D.C.D.C._ | 9/23/8:7 _Date_ |
| _Signature of Witness_ | C̄s _Title_ | 9-23-87 _Date_ |

NS-OC 118

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia —

vs.

Case No. M 12270 86C

PDID No. 202-917

No PSI
requested

George W. Johnson

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

count C   UCSA Possessed

of Person

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been con-

victed of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

count C

240 day in jail
consecutive to any other sentence

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and
supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C.
Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Obtain a job as soon as possible or continue your present employment.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
  written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

  ☐ Restitution of $_____ in monthly installments of $_____ beginning _____
  (see reverse side for payment instructions). The Court

  will distribute monies to _____

  ☐ _____

Costs in the aggregate amount of $ 10 ᵒᵒ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☒ have not been paid. 10 21 87

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_____ 88  OCT 31  87 58
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_____ 6
Date

_____
Deputy Clerk

Original — Court
Blue — Jail
Green — Defendant
Canary — Social Services

Pink         Mayor's Office
Goldenrod    U.S. Attorney/Corporation Counsel
Gold-toned   Defense Counsel
Rudd-toned   Bureau of Prison's

Form (D.C. - 110 [2])

86 - p170 - ann

## Exhibit ___6___

**Government Of The District Of Columbia**
**BOARD OF PAROLE**
**1111 E Street, N.W.**
**6th Floor**
**Washington, D.C.  20004**

**(SUMMARY TRANSCRIPT)**

| | |
|---|---|
| Case of: | JOHNSON, GEORGE |
| D.C.D.C. No.: | 152-148 |
| Institution: | OCC I |
| Date: | June 30, 1988 |
| Present: | Mr. Willie Hasson |

**MR. HASSON**

Mr. George Johnson appeared before the D.C. Board of Parole on June 30, 1988.  Mr. Johnson is a D.C. Parole violator who owes 6,465 days on 30 year sentence for Armed Robbery, Kidnapping, and Robbery Assault With A Dangerous Weapon.  His new full term date is February 13, 2006, and his short term date is April 22, 2000.

Mr. Johnson comes to the attention of the Board's as a result of a Warrant Request of June 1, 1988.  It alleges violation of Rule No. 1, 4, 6, 9, and 10.  Mr. Johnson's Notice of Rights originally stated that he denied one or two of the allegations, however, at today's hearing, he changed that to admit to the allegations with the exception of Rule No. 9.  That case is still pending in Court and Mr. Johnson is being represented by counsel in that case.

Mr. Johnson admits to the violation of Rule No. 1, 4, 6, and 10.  However, as it relates to Rule No. 6, Mr. Johnson states that he could not give Mr. Goff a business address in that he was involved in piecemeal work.  Mr. Johnson stated at today's hearing that he knew the Plaintiff.  Apparently, Mr. Johnson had agreed to loan the Plaintiff $120.00 and in return, Mr. Johnson would hold on to the Plaintiff's car.  When it was time for Mr. Johnson to receive his money, the Plaintiff did not have the money, a fight ensued and Mr. Johnson did not receive his money, nor did he return the car to its rightful owner.

Further, Mr. Johnson admits that he did not have a permit.  In fact, he says he has been driving since he was 17 without a permit.  When asked if he required the competency to receive a permit, Mr. Johnson stated that he never attempted to get one.

**Exhibit    7**

-2-    JOHNSON, GEORGE, 152-148, OCC I, June 30, 1988

Mr. Johnson stated that he called up the Plaintiff's mother in an attempt to receive his money, again, he was not successful and two hours later, the police arrived and arrested Mr. Johnson. Mr. Johnson came back into custody, or at least the Warrant was executed June 3, 1988.

While Mr. Johnson is a D.C. Parole violator with a total of 6,465 days owed on the sentence, he further has not fully addressed his drug problem or his adjustment while on Parole. The admission of the technical violations are enough for this Board Member to recommend Revocation. While the Court is proceeding on the pending charge, no action will be taken in that respect. However, there is a likelihood and it appears there is evidence to Show Cause that Mr. Johnson, in fact, was in violation of Unauthorized Use of a Motor Vehicle and the assigned charges.

By his own admission and the seriousness of the violation, this Board Member recommends that Mr. Johnson be found in violation of Conditions No. 1, 4, 6, and 10. That his Parole be Revoked and that he be reconsidered June 30, 1989.

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF MY SUMMARY NOTES, TAKEN AT THE TIME, PLACE, AND ON THE OCCASION INDICATED.



PB-3
REV. 8 - 81
8s — 9P758

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**BOARD OF PAROLE**
WASHINGTON, D.C. 20001

# Order



Name _Johnson George_

DCDC Number _A - 152 - 143_

Institution (or status and PO) _Occ I_

CODE _15J_

The case of the above named person has come to the attention of the Board of Parole with reference to:

- ☐ Early parole hearing
- ☐ Initial parole hearing
- ☐ Parole rehearing / IRH
- ☐ Preliminary revocation hearing
- ☑ Revocation hearing

- ☐ Warrant request
- ☐ Detainer review
- ☐ Personal appearance
- ☐ Work release violation
- ☐ Information

☐ Other: _Warr. exec. 6/2/88. Viol 1,4,6,9+_

REMARKS: _10_

RECOMMENDATION OF ANALYST / EXAMINER _____

---

The Board of Parole has examined the relevant information in this case and hereby orders the following action: _15J_

_Revoke #1,4,6 +10; reconsider
for parole, 6/2/89_

WH

fe     Date _6/30/88_     District of Columbia Board of Parole:

_Karen L. Jones_

---

Reason for the above action (where applicable): _____

_____

(N / A date _July 8, 1988_ by _F.P_ )

# Exhibit  8

PB-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

**ADULT**
APCS 10137-91

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

_____ Johnson, George _____ D.C.D.C. __152-148__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on ____June 27____, 19 _91_, and that said person remain under

supervision within the limits of the __Dept. of Corrections__ XXXXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

until __February 26__ X2006 ; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this ____27th____ day

of _____June_____, 19_91_.

Confirm parole grant and amend to grant reparole to consecutive
adult sentence. Special Conditions: Narcotics surveillance;
outpatient drug program.

The above-named was released on
the _27th_ day of _June_, 19 _91_.

_For George Thomas Gaydos_
**Administrator**

_Barbara A. Ridley_

If subject is released prior to February 26, 2006, he is to report
to Parole Supervision, 717-14th Street, N.W., Suite 300, Washington,
D.C. 20005.

## Exhibit ___9___

81—PS804

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to _____
Department of Corrections, Room _____, for my final instructions.

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

   Special Conditions:  Narcotics surveillance; outpatient drug program.

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| _Jeremie W. John_ | _152-148_ | _7-18-91_ |
|---|---|---|
| Signature of Parolee | D.C.D.C. | Date |

| _J. Edward Savage_ | _Hise. Documents Examiner_ | _7-18-91_ |
|---|---|---|
| Signature of Witness | Title | Date |

Tape *1A* at *000*
*905*

## DISTRICT OF COLUMBIA BOARD OF PAROLE
## PAROLE DETERMINATION RECORD
## REVOCATION HEARING

RE: Johnson, George _____    152-148    202-417
     Subject's Name                    DCDC#    PDID#

BIRTHDATE: ████████                   BOP DOCKET #: H9406-0052

LOCATION: CDF _____                 CONSIDERATION DATE: 6-13-94

OFFENDER STATUS: ☐ Youth Act    ☒ Adult

PAROLE OFFICER: T. Williams _____    UNIT: _____

☐ Order to Appear--Issued: _____    Served: _____
☒ Warrant--Issued: 12/21/93  Executed: 5/18/94  Served: 6/01/94

ANALYST: _____          PREPARATION DATE: _____

HEARING OFFICIALS: J Wynn _____

SUPERVISION REPRESENTATIVE: Ms. Mayo _____

ATTORNEY: Mr. Donsey Jones _____

WITNESSES: _____

OTHERS PRESENT: _____

☐ HEARING NOT HELD, REASON: _____

    ☐ Reschedule By _____    ☐ Do Not Reschedule

OFFENSES ON WHICH CURRENT SENTENCE IS BASED: UUV, RSP,
Armed Kid Napping, Armed Robbery ADW
aggrigate  10-30 yrs, 9/24/75

PENDING CASES: 9/15/93 = Theft II, M12950-93  3 cdg
Simple assault  6/28/93, M 8839-93
5 yrs!  unsupervised probation - 6/9/94  M12950-93
7/25/94  Jury
Trial
M8839-93

POST HEARING QUALITY ASSURANCE

ANALYST: _____    DATE: 8/15/94

PDS.202 1/21/93                    1           Exhibit  10

RE: Johnson, George _____    152-148    202-417
       Subject's Name                DCDC#       PDID#

               IF NOT REVOKED      IF REVOKED

FULL TERM DATE:          2-13-2006        5-18-94  9/8/06

MANDATORY RELEASE DATE:    4-22-2000    8-30-02

DATE ORIGINAL SENTENCE BEGAN:    of  9-24-75

PAROLE RELEASES THIS SENTENCE:    2  3  pw

LAST PAROLE WAS:  ☒ Mandatory  ☐ Discretionary  ☒ Reparole

SPECIAL CONDITIONS:    MS  OPDTP

_____

_____

DETAINERS OR CONSECUTIVE SENTENCES: _____

FACTS OF NEW CRIMINAL OFFENSES: In reference to the
Simple Assault; the Subject struck a
female several times with his hand.

_____

HO: _____

_____

ANALYSIS OF CRIMINAL HISTORY, SUBSTANCE ABUSE, MENTAL HEALTH
PROBLEMS, AND TREATMENT ATTEMPTS: Mr. Johnson has an Extensive
Criminal history that dates Back
to 1965.

_____

_____

PDS.202 1/21/93                    2

RE: Johnson, George _____          152-_48          202-417
          Subject's name                      DCDC                PDID#

HO: _____

_____

PERFORMANCE DURING LAST RELEASE ON PAROLE: _Poor, Parole_

_has been Revoked several times._

_____

_____

_____

HO: _____

_____

PERFORMANCE UNDER ANY PREVIOUS COMMUNITY SUPERVISION: _Poor._

_____

_____

_____

### ANALYST'S REMARKS

_____

_____

_____

_____

_____

_____

_____

### SETOFF GUIDELINE RECOMMENDATIONS

Noncriminal Violation
    less than 5 yrs remain        within 6 mos.
    5 or more years remain        within 6-9 mos.
Misdemeanor Charge or Conviction
    less than 5 yrs remain        within 6-9 mos.
    5 or more years remain        within 9-15 mos.
Felony Charge or Conviction
    less than 5 yrs remain        within 9-15 mos.
    5 or more years remain        within 15-24 mos.

PDS.202 1/21/93                    3

RE:Johnson, George                    152-⬤48        202-417
            Subject's name            DCDC#           PDID#

## COUNTERVAILING FACTORS

### FAVORING PAROLE

| Anl | HO | |
|-----|----|-|
| 01 | 01 | Exceptional program achievement |
| 07 | 07 | Maximum effort to participate in assigned programs, but opportunities for programming were not available |
| 09 | 09 | Change in community resources available leading to better parole prognosis |
| 02 | 02 | Record of exclusively trivial offenses |
| 03 | 03 | Substantial crime-free period since the last offense |
| 04 | 04 | Substantial previous period in custody or substantial time on additional committed sentences |
| 05 | 05 | Substantial cooperation with the government that has not been otherwise rewarded |
| 08 | 08 | Poor medical prognosis |
| 06 | 06 | Other changes in circumstances:_____ |
| 00 | 00 | None applicable |

### FAVORING INCARCERATION

| | | |
|-----|----|-|
| 59 | 59 | Needs program and rehabilitative services to minimize risk to the community when actually released on parole |
| 58 | 58 | Opportunity but little effort made toward rehabilitation or preparation for remaining crime-free if returned to the community |
| 50 | 50 | Repeated failure under any form of community supervision (e.g., probation, parole, bail, diversion program) |
| 52 | 52 | Lengthy history of criminally-related alcohol abuse |
| 57 | 57 | Lengthy history of criminally-related substance abuse |
| 53 | 53 | History of repetitive sophisticated, assaultive, or fraudulent criminal behavior |
| 54 | 54 | Unusually extensive or serious prior record |
| 51 | 51 | Instant offense involved ongoing criminal behavior or leadership role in an organized venture |
| 55 | 55 | Instant offense involved unusual cruelty to victims or involved especially vulnerable victims |
| 56 | 56 | Repeated or extremely serious negative institutional behavior |
| 00 | 00 | None applicable |

PDS.202 1/21/93                    4

RE:Johnson, George _____        152-748        202-417
        Subject's Name                     DCDC           PDID#

## SPECIAL INSTRUCTIONS FOR NEXT CONSIDERATION

| Anl | HO | | Anl | HO | |
|-----|----|--|-----|----|--|
| 17 | 17 | Complete Adult Basic Ed. | 15 | 15 | Maintain Alcohol Abstinence |
| 01 | 01 | Complete GED | 14 | 14 | Attend Alcoholics Anonymous |
| 03 | 03 | Complete College Course | 04 | 04 | Complete 30-Day DAAPT |
| 02 | 02 | Complete Vocational Program | 13 | 13 | Maintain Drug Abstinence |
| 18 | 18 | Complete ETAP | 12 | 12 | Attend Narcotics Anonymous |
| 06 | 06 | Work Detail | 20 | 20 | Intensive Drug Program |
| 23 | 23 | Work Training | 26 | 26 | Substance Abuse Program |
| 05 | 05 | Program Participation | | | |
| 07 | 07 | No New Disciplinary Infractions | 19 | 19 | Psychological Evaluation |
| 11 | 11 | Notify Board of Disposition of Pending Charges | 09 | 09 | Psychological Counseling |
| 08 | 08 | Pay VVCC of $_____ | 21 | 21 | Sex Offender Therapy |
| 22 | 22 | Electronic Monitoring | 49 | 49 | No Special Instructions |
| XX | XX | Other: _____ | | | |

## SPECIAL CONDITIONS OF PAROLE

| | | | | | |
|-----|----|--|-----|----|--|
| 63 | 63 | Intensive Supervision | 53 | 53 | Alcohol Abstinence |
| 67 | 67 | Voc Rehab.--Community Based | 71 | 71 | Alcoholics Anonymous |
| 68 | 68 | Voc Rehab.--Residential | 54 | 54 | Alcohol Trtmt--Outpatient |
| 65 | 65 | Special Needs--Community Prog. | 55 | 55 | Alcohol Trtmt--Inpatient |
| 66 | 66 | Special Needs--Residential | 50 | 50 | Narcotics Surveillance |
| 59 | 59 | Halfway Back | 71 | 71 | Narcotics Anonymous |
| 60 | 60 | Parole Initiative #1: PPRC | 51 | 51 | Drug Trtmt--Outpatient |
| 61 | 61 | Parole Initiative #2:_____ | 52 | 52 | Drug Trtmt--Inpatient |
| 62 | 62 | Parole Initiative #3:_____ | 58 | 58 | FPO |
| 64 | 64 | Pay VVCC $_____ | 56 | 56 | Mental Health--Outpatient |
| 99 | 99 | No Special Conditions | 57 | 57 | Mental Health--Inpatient |
| XX | XX | Other:_____ | 69 | 69 | Sex Offender Therapy |
| | | | 72 | 72 | Shoplifters Anonymous |

PDS.202 1/21/93                5

RE: Johnson, George                152-148        202-417
        Subject's Name             DCDC           PDID#

## NATURE AND NUMBER OF VIOLATIONS ALLEGED

1. Failure to report to Supervision immediately upon release.

____ 2. Travel without approval from Parole Officer.

____ 3. Visit to illegal establishment, including where alcoholic beverages are illegally sold, dispensed, or used.

____ 4. Illegal possession, use, sale, or purchase of any narcotic drug, controlled substance, or related paraphernalia, or visit to place where any such item is illegally sold, dispensed, used, or given away.

____ 5. Ownership, possession, use, sale, or control of any deadly weapon or firearm.

____ 6. Less than diligent efforts to find and maintain legitimate employment; support of self and legal dependents not commensurate with ability.

____ 7. Failure to keep Parole Officer informed of place of residence and work, or to notify of loss of employment or change in residence.

____ 8. Agreement to act as informer or agent for any law enforcement agency.

3 counts 9. Failure to obey laws, or to report at the earliest opportunity any arrest or other involvement with law enforcement officials.

____ 10. Failure to cooperate with Board and Supervision, to carry out Parole Officer's instructions, or to report as directed, knowing that such failure may cause re-incarceration by the Board.

____ 11. Failure to abide by special conditions:_____

_____

**TOTAL NUMBER OF ALLEGATIONS**

## REVIEW OF RIGHTS

☐   Subject was advised of procedural rights and understood them.
☐   Subject elected to proceed with hearing.
☐   Subject requested postponement of hearing.
☐   Subject waived hearing and completed Waiver of Revocation Hearing form.

PDS.202 1/21/93                    6

RE:<u>Johnson, George</u>                    <u>152-__8</u>        <u>202-417</u>
        Subject's name                        DCDC#          PDID#

Allegation # __1__: Subject committed a ☒ noncriminal ☐ criminal

violation of Parole Condition # ___0/02___ by the following

alleged conduct on or about_____ 199__ : *The Subject*

*failed to Report for further*

*instructions upon mandatorily*

*released On Feb. 19, 1991.*

Evidence: ☐ Police Report  ☒ Field Sheet  ☐ Other:_____

Case #_____        Status:_____

| Findings of Fact | Evidence |
|---|---|
| *Subj. States he was unaware of his responsibility to report to Perperer after Serving the 240 days. He never Received the Reparole certificate this however was his second reparole He admits Not Report explained* | *Subj. testimony* <br><br> *— certificate* <br><br> *— Subj test* |

<u>CONCLUSION</u>

☒  Parole Violation Sustained

☐   Parole Violation Not Sustained

☐   No Finding

PDS.202 1/21/93              7

## ADDITIONAL ALLLEGATIONS

Allegation # 2 :  Subject committed a ☐ noncriminal ☒ criminal

violation of Parole Condition # _0901_ by the following alleged

conduct on or about _____ 199__: _Mr. Johnson failed_

_to obey all laws. He was arrested on_

_June 28, 1993, charged with Simple_

_Assault, M 8839-93._

Evidence: ☒ Police Report   ☐ Field Sheet   ☐ Other: _____

Case # _M 8839-93_        Status: _Jury Trial 7/25/94_

| Findings of Fact | Evidence |
|---|---|
| Subj' admits assaulting the female complaintant in this case | Sub, admiss Police Report |

CONCLUSION:    ☒  Parole Violation Sustained

              ☐  Parole Violation Not Sustained

              ☐  No Finding

pds.212 1/22/93              5A

ADDITIONAL ALLLEGATIONS

Allegation # _3_ :   Subject committed a ☐ noncriminal ☒ criminal
violation of Parole Condition # _0901_ by the following alleged
conduct on or about _____ 199 : _The subject failed to_
_Obey all laws. He was arrested on_
_Sept. 15/993 charged with Theft II,_
_M/2950-93!_

Evidence: ☐ Police Report ☒ Field Sheet ☐ Other: _____
Case # _M/2950-93_        Status: _6/10/94 = Received 5 Yrs._
_unsupervised probation._

| Findings of Fact | Evidence |
|---|---|
| Subj admit commit this offense on 6-10-94 he rec'd 90 day ESS all but 30 day w/ 5yrs supv probs. w/ alco treat | Subj admiss Face Sheet J + C |

CONCLUSION:        ☒  Parole Violation Sustained

               ☐   Parole Violation Not Sustained

               ☐   No Finding

pds.212 1/22/93                5A

ADDITIONAL ALLLEGATIONS

Allegation #____:  Subject committed a ☒ noncriminal ☐ criminal

violation of Parole Condition # _0902_ by the following alleged

conduct on or about_____199__: _M. Johnson failed to_

_Personally report his arrest to his_

_parole officer. He was arrested 9/15/93,_

_charged with Theft II, M/2950-93._

Evidence:  ☐ Police Report  ☒ Field Sheet  ☐ Other:_____

Case #_____    Status:_____

| Findings of Fact | Evidence |
|---|---|
| Subj admits not report the 9/15/93 arrest to his PO w/ explanation other than to say also had become a problem | Subj admits |

CONCLUSION:    ☐  Parole Violation Sustained

             ☐  Parole Violation Not Sustained

             ☐  No Finding

pds.212 1/22/93                5A

RE:Johnson, George⬛⬛⬛⬛    152-148    202-417
    Subject's ⬛me    DCDC#    PDID#

MITIGATING FACTORS: _____

None found

AGGRAVATING FACTORS: Subj is upfrom
his 3 revocation . He return
is because of Crim. & non
criminal violation. Subj has
demonstrated an inability to
serve the balance of this
term, in the community.
He by his own admiss

OTHER CONSIDERATIONS: was unemployed
abuses alcohol & lives on
the street . He clearly
needs intensive treatment
prior to release .

RE:Johnson, George              152-●●         202-417
      Subject's Name               DCDC#           PDID#

## HEARING OFFICIAL'S CONCLUSION

Violations Sustained:   # _9_    ☑ Noncriminal ☐ Misdemeanor ☐ Felony

                   # _9_    ☐ Noncriminal ☑ Misdemeanor ☐ Felony

                   # _9_    ☐ Noncriminal ☑ Misdemeanor ☐ Felony

                   # _1_    ☑ Noncriminal ☐ Misdemeanor ☐ Felony

                   # _____    ☐ Noncriminal ☐ Misdemeanor ☐ Felony

      Other: _____

Is Revocation Appropriate?   ☑ Yes   ☐   No

Is Reincaration Appropriate?   ☑ Yes   ☐   No

If Continued, is incarceration pending continuation appropriate?

                 ☐   Yes   ☐   No

Comments: _____

_____

_____

_____

_____

_____

_____

RE: Johnson, George _____     152-1_8     202-417
       Subject's Name                    DCDC#       PDID#

HEARING OFFICIAL'S RECOMMENDATION

DISPOSITION: _Revoke Parole CNC_
_Violation Reconsider by_
_5-18-97_

Disposition Codes: _RV-01-92_    ___  ___

SPECIAL INSTRUCTIONS/CONDITIONS:

    Code: _X_    _Intensive Substance Abuse_
    Code: ____   _Treatment_
    Others: _____

    Disposition is Inside Guidelines    ☑ Yes    ☐ No
    Setoff is Inside Guidelines         ☐ Yes    ☑ No

COUNTERVAILING FACTOR CODES: _50_  _51_    ____  ____

STAFF FOLLOWUP ACTIONS: _____

_____

BY: _____    DATE: _6-14-94_
         Hearing Official

CONCURRENCE:  Based on examination of the relevant information in this case,
the Board concurs with the disposition recommended by the Hearing Official, and
hereby orders the issuance of the appropriate implementing documents.

Board Member: _____    Date: _6/15/94_

Board Member: _____    Date: _6.16.94_

Board Member: _Margaret Quick_    Date: _6/22/94_

NONCONCURRENCE--See Page 11

☐ Erias Hyman        ☐ Willie Hasson        ☐ Polly Nelson

☐ Margaret Quick     ☐ Enrique Rivera-Torres

RE:Johnson, George_____          152-1__          202-417____
          Subject's Name                     DCDC#            PDID#

## CONCURRING BOARD MEMBERS' COMMENTS

_____

_____

_____

_____

## NONCONCURRING MEMBERS' COMMENTS AND ALTERNATIVE DISPOSITIONS

**#1 BOARD MEMBER:**_____     Date:_____

_____

_____

_____

_____

Alternative Disposition:_____

_____

Codes:      ___-___-___      ___-___-___

Special Instructions/Conditions:_____

Countervailing Factors:_____

**#2 BOARD MEMBER:**_____     Date:_____

☐   Agree with #____   _____

_____

_____

_____

**#3 BOARD MEMBER:**_____     Date:_____

☐   Agree with #____   _____

_____

_____

_____

PDS.202 1/21/93                    11

RE:<u>Johnson, George</u>       <u>152-143</u>     <u>202-417</u>
       Subject's Name       DCDC#       PDID#

**#4 BOARD MEMBER:**_____    Date:_____

☐  Agree with #____  _____

_____

_____

_____


### FINAL DISPOSITION OF DISPUTED CASE


DISPOSITION:_____

_____

_____

     Disposition Codes:  _____-____-_____   _____-____-_____

     Special Instructions/Conditions:

     Code:_____     _____

     Code:_____     _____

     Code:_____     _____

     Decision is Inside Guidelines    ☐ Yes    ☐ No

     Setoff is Inside Guidelines    ☐ Yes    ☐ No

COUNTERVAILING FACTORS:

     Code:_____     _____

     Code:_____     _____

     Other:_____

           _____

     Staff Followup:_____

           _____




# The Board of Parole
### of the
## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 152-148

**DOB** ▓▓▓▓▓▓

**DOCKET** H9406-0052

**NAME** GEORGE W JOHNSON

**SSN** ▓▓▓▓▓▓    **LOCATION** D.C. JAIL

**CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
CONSIDER FOR REPAROLE BY 05/18/1997

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

INTENSIVE DRUG PROGRAM

Remarks:

FAILED TO RPT/FURTHER INSTRUCTIONS
FAILED TO OBEY ALL LAWS
FAILED TO OBEY ALL LAWS

8/15/94

06/11/1994
_____
Date

Chairman
on behalf of the Board of Parole

Seal

NOA Date 7-5-94 by _____

[ Parole Determination File ]
WILLIAMS, T.

**Exhibit** 11

05/02/01   11:00 FAX 301 492 6694       US PAROLE COMMISSION       ☒003



**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that Johnson, George, REG No. 11472-007, (DCDC No. 152-148), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **May 16, 2001**, and that said prisoner is to reside within the District of Columbia and to remain within the limits of the **Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including **November 25, 2009**.

Given under the hands and the seal of the United States Parole Commission on May 2, 2001.

UNITED STATES PAROLE COMMISSION

By: Marc E. Bransky, Case Analyst

Docket/Case Number: M12950-93

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_____                     152 - 148
Name                                          DCDC No.

Witnessed: _____ / Case Manager    5/16/01
            Name and Title                    Date

The above-named person was released on the 16TH day of MAY, 2001 with a total of 3,115 days remaining to be served.

Official Certifying Release

**Exhibit   12**

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ..............................**Johnson, George**

Reg. No. ...........................**11472-007**
DCDC No. ......................**152-148**
FBI No. ...........................**398 272 F**
Birth Date ........................
Race ................................**Black**

Date .........................................**October 4, 2005**
Termination of Supervision..... **11-25-2009**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date.........................**8-3-2001**
Released.................................**May 25, 2001**

Sentence Length ........... **30 years (Aggregate original); 5,672 days (Parole Violator Term)**
Original Offense.............**Armed Kidnapping; Distribution of Cocaine; Armed Robbery; Unauthorized Use of a
Vehicle; Receiving Stolen Property; Assault With a Dangerous Weapon**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new
offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable
cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of
the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions
of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found,
you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has
expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information
supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf.
If you deny the charge(s) against you, you may request the presence of those persons who have given information
upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause
is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be
appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1)
restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c)
refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole,
mandatory release, or supervised release in which case the Commission will also decide when to consider you for
further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward
service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 8-
3-2001, 10-17-2001, 10-31-2001, 1-16-2002, 7-24-2002, 8-28-2002, 10-22-2003, and 12-22-2004. This
charge is based on the information contained in the violation report dated 4-13-2005 from supervising
officer Jackie Knightshade.
**I ADMIT [   ] or DENY [   ] this charge.**



**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** On 8-25-2004, the releasee submitted a urine specimen which tested positive for cocaine. This charge is based on the information contained in the violation report dated 4-13-2005 from supervising officer Jackie Knightshade and corresponding drug report dated 4-12-2005.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Law Violations – a) Possession With Intent to Distribute Crack Cocaine, b) Possession of Cocaine.** On 4-7-2005, while attempting to make a traffic stop, police observed the releasee toss a ziplock bag out the window of the vehicle. The bag was found to contain 7 smaller Ziplocs of crack cocaine. The releasee was arrested by the Washington Metropolitan Police for 3a above on the same date. On 7-11-2005, the releasee was convicted by the D.C. Superior Court for 3b above and sentenced to 30 days. This charge is based on the information contained in the violation report dated 4-13-2005 from supervising officer Jackie Knightshade, the addendum report dated 8-5-200, a police report dated 4-7-2005, and a judgment dated 7-11-2005. Status of Custody/Criminal Proceedings: Convicted and sentence served. In custody from 4-7-2005 until 4-15-2005 and from 7-11-2005 until 7-29-2005.
**3a I ADMIT [   ] or DENY [   ] this charge.**
**3b I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Still Required**
(As charge 3a carries potentially higher offense severity)

**Warrant Recommended By:**

Warrant Issued.................. **October 4, 2005**

, SCOTT KUBIC, Case Analyst

Community Supervision Office Requesting Warrant: **General Supervision Unit VI-Team 1, 1230 Taylor Street**

---

**Johnson, George**
**Reg. No. 11472-007    DCDC No. 152-148**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Johnson, George, Reg. No. 11472-007, DCDC No. 152-148, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 30 years (Aggregate original); 5,672 days (Parole Violator Term) for the crime of Armed Kidnapping; Distribution of Cocaine; Armed Robbery; Unauthorized Use of a Vehicle; Receiving Stolen Property; Assault With a Dangerous Weapon and was on May 25, 2001 released on parole from Efforts from Ex-Convicts-8th St with 3,106 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on October 4, 2005

_Isaac Fulwood_    10/5/05
U.S. Parole Commissioner

Exhibit ____14____

Johnson, George
Reg. No. 11472-007    DCDC No. 152-148



# WARRANT For Return Of Prisoner Released To Supervision

Name: **Johnson, George**
Reg. No. 11472-007

Institution: Efforts from Ex-Convicts-8th St
DCDC No. **152-148**

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _____ *Col* _____ ss:

Received this writ the _____ *11* _____ day of _____ *OCT* _____ , 20 *05* and executed same by arresting the within-named _____ *George Johnson* _____ this _____ *19th* _____ day of _____ *OCT* _____ , 20 *05* , at _____ *5 PM* _____ and committing him to _____ *DC JAIL* _____

*George Clark*

_____
*U.S. Marshal*

_____
*Deputy Marshal*

Further executed same by committing him to _____

at _____ on _____ , 20_____ , the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____
*U.S. Marshal*

_____
*Deputy Marshal*

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____ *OCT 4 2005* _____

*Oct fryday*

_____
*Prisoner's Signature*

_____ *Date* _____

*(If prisoner refuses to sign, Marshal should so indicate.)*

---

**Johnson, George**
**Reg. No. 11472-007    DCDC No. 152-148**

# HEARING SUMMARY

**Name: Johnson, George**                                          **Reg No:  11472-007**

## Hearing Parameters

Hearing Type...............................: **Revocation (Local)**

Hearing Date ...............................: 12/21/2005

Examiner .....................................: Donna A. McLean

Institution ....................................: D.C. Correctional Treatment Facility

Second Designation.....................: Unknown

## Sentence Parameters

Sentence Type ............................: **DC Parole Eligible**

MR/Statutory Release Date.........: 01/25/2012

Full Term Date ...........................: 04/20/2014

Months in Custody .....................: 3 months as of 12/18/2005 (include time spent in custody

prior to the execution of the warrant)

Detainer ......................................: None

## Warrant Parameters

Supervision..................................: **Parole**

Revoking District & Office .........: CSOSA, General Supervision, Unit VI-Team 1, 1230 Taylor Street

Warrant Execution Date..............: 10/19/2005

Probable Cause Date ..................: 10/25/2005

**Additional text regarding the above parameters:** None

---

**Prior Action:**  Please refer to Prehearing Assessment dated 11/18/2005.

**Counsel:**  Staff Attorney, Rosalyn Gonzalez, District of Columbia, Public Defender Services.

**Witnesses:**
1. CSO Jackie Knightshade
2. MPD Officer, Christopher Allotey

Volunteer Witnesses:
1. Iwo Fairrow, (Sister)
   822 Delafield Place, NW
   Washington, DC 20011
   202-829-5610

Exhibit ___15___

2. Ethel Blaine (Sister)
   2007 Oliver Street
   Hyattsville, MD 20782
   202-422-0933

3. Dwayne McLean (Nephew)
   3819 Offutt Road
   Randallstown, MD 21133
   410-496-3337

**Procedural Considerations:** None

**Charges:**

**Charge No. 1- Failure to Submit to Drug Testing**
   **Evidence Presented:** The subject denied the above charge. Mr. Johnson stated that due to his work schedule he would often get excused from testing that day and allowed to report for testing the next day. CSO Knightshade explained that what the subject stated is true and as she review the records it appears that the computer was not updated with the excused dates. She continued to state that the warrant was requested in her absence and she would not have requested a warrant on the subject and definitely would not have sited his failure to drug test. She explained Mr. Johnson was very compliant with the conditions of his parole and she was overall pleased with his progress as it is not uncommon for some working to be excused from testing and provided a make-up testing day.
   **Findings of Fact:** This examiner makes no finding concerning the above charge.
   **Basis:** Testimony provided by CSO Knightshade.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**
   **Evidence Presented:** The subject denied the above charge. Mr. Johnson stated he does not understand how he tested dirty for drugs as he has not used drugs in over 10 years. CSO Knightshade stated that the subject was given a verbal reprimand regarding the positive drug test and never tested dirty again.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** The documentary evidence.

**Charge No. 3 - Law Violation - a. Possession with Intent to Distribute Crack Cocaine; b. Possession of Cocaine.**
   **Evidence Presented:** The subject denied the above charges, although he convicted of 3b. Mr. Johnson explained that he had run into a female in which he had known via his brother. He explained that they discussed going to a Substance Abuse Meeting and he offered her a ride to the meeting. Prior to going to the meeting he and the female entered a store in which the female got into an argument with the store owner and the police were called. He explained that they were driving off when they were approached by the police and summoned to stop. He stated at that time he observed the female attempt to hide drugs in between the seats, so he removed the bag and tossed it out the window. He indicated that he was driving his sister's car and was not going to have drugs found in her automobile. It should be noted that on 7/11/2005,



the subject was convicted of the Possession of Cocaine and sentenced to 30 days (4/7/2005-4/15/2005 and 7/11/2005-7/29/2005 time served).

MPD Officer Alletoy indicated that he is a 2 ½ years veteran of the Metropolitan Police Department. He explained that he was responding to a call of Threats when he was flagged down by the complainant who pointed out the subject and the female traveling in the auto. He stated that he observed the subject toss a plastic bag out of the window as he turned the corner. The bag was later recovered and found to contain crack cocaine.

**Findings of Fact:** This examiner makes no finding concerning Charge 3a (PWID-Crack Cocaine). This examiner finds that the subject violated the conditions of release as indicated in Charge 3b (Possession of Cocaine - Conviction)
**Basis:** There is insufficient evidence to support Charge 3a (PWID-Crack Cocaine). The conviction dated 7/11/2005.

**Discipline:** None

**Release Plans:** The subject plans to reside with his sister, Iwo Fairrow at 822 Delafield Place, NW, Washington, DC 20011. Her telephone number is 202-829-5610. Mr. Johnson expressed his desire to return to his work for his employer, Quick Messaging Services. Refer to Employer Letter of Support dated 12/21/2005.

*Volunteer Witnesses:* Mrs. Iwo Fairrow and Ms. Ethel Blaine (the subject's sisters) and Mr. Dwayne McLean (Nephew) all was present to provide testimony regarding their support for the subject release to the community. The all explained that they have seen tremendous change in the subject during this supervision period and all expressed they do not believe the subject had returned to drug usage. According to Mr. McLean, the subject would often encourage individuals and family members to go to the drug meetings with him. He is a recognized leader in the family and a mentor for most of his nieces and nephews.

## **Guideline Parameters**

**Severity Justification:** Category One because it involved the conviction for the Possession of Cocaine and an administrative violation.
**Salient Factor Score:** 2

**Re-parole Guideline Range:** 12-16 months

**Evaluation:** Mr. Johnson is currently 57 years old with a documented history of drug related activity and assaultive behavior. He now faces his 4th Revocation on his original 30 years sentence. The examiner entertained testimony from all parties present for today's hearing. The subject denied all of the alleged

violation and although convicted of the Possession of Cocaine he wanted to provide an explanation as to how he became in possession of the drugs. As a Result, the examiner rendered a finding on Charge 2 and Charge 3b and a No Finding on Charge 1 and Charge 3a. based on the lack of evidence and the testimony provided by the subject's CSO.

**Johnson, George, Reg. No. 11472-007**        **Page 3 of 4**

CSO Knightshade expressed that the warrant was written in her absence and was not what she would have requested as she truly believe the subject was doing well on supervision in spite of the conviction. Ultimately, she wanted to request a Written Reprimand but was advised by her Supervisor a warrant had to be requested. She explained that she would have no problems if the subject is returned to her for supervision as he was a compliant parolee noting he has a stable residence, a good job and excellent family support.

It is noted that the subject was paroled on 5/25/2001 and one must question whether the violations found are deemed sufficient for the subject to loose all his street time. The subject has been in custody for 3 months as of 12/18/2005 (this includes the time spent for the conviction), which appears to be sufficient for the violation of one positive drug test and a conviction for the Possession of Cocaine of which he was only sentenced to 30 days. Consequently, it is the recommendation of this examiner that the violations found are not deemed sufficient for revocation and the subject should be reinstated to supervision. It is further recommended that he receive a special condition of Drug Aftercare.

**Recommendation:**  Violation found is not deemed sufficient for revocation.  Reinstate to Supervision.  You are to report immediately to your Community Supervision Officer upon release.

**Conditions:**  Drug Aftercare

**Statutory Interim Hearing:**  N/A

**Guideline Use:**  Not Applicable.

**Additional Text:**  None

**I certify that I have reviewed this hearing summary.**

*Donna A. McLean*

Donna A. McLean, Hearing Examiner

DAS
December 30, 2005

**Executive Reviewer's Comments:**

Johnson, George, Reg. No. 11472-007                          **Page 4 of 4**



U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: JOHNSON, George | Institution: D.C. – C.T.F. |
| Register Number: 11472-007 | |
| DCDC No: 152-148 | Date:     January 10, 2006 |

As a result of the hearing conducted on December 21, 2005, the following action was ordered:

### D.C. Local Revocation

The result of your hearing on December 21, 2005 is that the violation found is not deemed sufficient for revocation. Reinstate to Supervision.

You are to report immediately to your Community Supervision Officer upon release from custody.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: Sean McLeod

        Rosalyn Gonzales
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

Clerk: MDD

Queued: 01-10-2006 14:40:41 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

Exhibit    16

CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001



 

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
D.C. Code Offender

Name .............................. **Johnson, George**

Reg. No .......................... **11472-007**
DCDC No. ..................... **152-148**
FBI No ........................... **398272F**
Birth Date ......................
Race .............................. **Black**

Termination of Supervision ..... **11-25-2009**
[If Conviction Offense Before April 11, 1987 And Offender Is On Mandatory Release, Termination Date Is 180 Days Prior To Full Term]
Violation Date ......................... **5-24-2007**
Released ................................. **5-16-2001( subject was in custody on P.V. Warrant from 10-19-2005 to 1-10-2006)**

Date .......................................... **June 4, 2007**
Sentence Length............**30-year ( original sentence), 3,115 ( days remaining Parole Violator Term)**
Original Offense ............ **Armed Kidnapping, Distribution of Cocaine, Armed Robbery, Unauthorized Use of a Motor Vehicle, Receiving Stolen Property, and Assault with a Dangerous Weapon**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Law Violation-Possession with Intent to Distribute Crack Cocaine, Possession with Intent to Distribute Cocaine, Possession with Intent to Distribute Marijuana, and Possession of Drug Paraphernalia.** On 5-24-2007, a suspect informed an undercover police officer that the subject was selling illicit drugs. The officer handed the suspect pre-recorded Metropolitan Police funds, which he attempted to give to the releasee in exchange for Crack Cocaine. The releasee, however, refused to participate in the transaction. The police subsequently conducted a traffic stop and discovered the following items in the vehicle, which the releasee was operating: a black change pouch (in the center console arm

Johnson, George
Reg. No. 11472-007    DCDC No.

Exhibit ___17___

rest), that contained (9) blue zip-lock bags of powdered Cocaine weighing approximately 6.2 grams, and (2) blue-zip lock bags containing 2.5 grams of Crack Cocaine. After searching the releasee, the police recovered (3) blue zip-lock bags of powdered Cocaine weighing approximately 2.1 grams. After conducting a thorough search of the vehicle, the police also recovered (2) clear sandwich bags containing approximately 38.8 grams of powdered Cocaine, (1) clear sandwich bag containing 4.6 grams of Crack Cocaine, a brown bag paper containing (2) boxes of unused razor blades, a brown bag containing numerous unused blue zip-locks, and a sandwich bag inside of a blue bag, which contained (1) clear zip-lock bag of Marijuana weighing approximately 3.2 grams. The releasee was arrested by the Metropolitan Police for the above-cited offense on 5-24-2007. This charge is based on the information contained in the violation report dated 5-25-2007, from supervising officer LaSonia Rivers Delaney, and a police report dated 5-24-2007. Status of Custody/Criminal Proceedings: The subject was released on personal recognizance and has a status hearing scheduled for 6-14-2007.

**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Reccommended By:**

Warrant Issued.................. **June 4, 2007**

**Joann L. Kelley, Case Analyst**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit VI-Team 1, 1230 Taylor Street**

**Johnson, George**
**Reg. No. 11472-007    DCDC No.**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Johnson, George, Reg. No. 11472-007, DCDC No.152-148, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 30 years, for the crimes of Armed Kidnapping, Distribution of Cocaine, Armed Robbery, Unauthorized Use of a Motor Vehicle, Receiving Stolen Property, and Assault with a Dangerous Weapon, and was on 5-16-2001, released on parole from Efforts from Ex-Cons Community Corrections Center with 3,115 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on June 4, 2007.

U.S. Parole Commissioner

Johnson, George    **Exhibit    18**
Reg. No. 11472-007    DCDC No.

AUG 03 2007 16:08 FR U S MARSHALS SERVICE 2023071936 TO USPC          P.09/14

AUG 02 2007 03:06 FR USM                          TO CELLBLOCK          P.06

## WARRANT For Return Of Prisoner Released To Supervision

Name:  **Johnson, George**
Reg. No. 11472-007                                 Institution:
                                                   DCDC No. 152-148

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ D _____ District of _____ Col _____ ss:

Received this writ the __4__ day of ____June____, 20_07_, and executed same by arresting the within-named _____George Johnson_____
this __3__ day of ____Aug____ 20_07_
at __1200__ and committing him to ____DC Jail____

                                           G Walsh
                                         _____
                                              *U.S. Marshal*

                                         _____
                                            *Deputy Marshal*

Further executed same by committing him to _____
at _____ on _____ 20_____, the institution
designated by the Attorney General, with the copy of the warrant and warrant application.

                                         _____
                                              *U.S. Marshal*

                                         _____
                                            *Deputy Marshal*

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated ____4 June 2007____

X _____
      *Prisoner's Signature*                    08/03/07
                                              _____
                                                  *Date*

                                                08/03/07
                                              _____

                    Johnson, George
                    Reg. No. 11472-007   DCDC No.

                                         ** TOTAL PAGE.06 **

                              Exhibit ___19___

# D.C. PROBABLE CAUSE HEARING DIGEST

Name...........................: **Johnson, George**

Reg. No..........................: **11472-007**

Type of Release ...........:**Parole**

Full Term Date When Warrant Issued..: **11-25-2009**
Date Warrant Executed.: *8-3-07*

Hearing Date........: *8·14·07*
Examiner...............: *P. Howard*

Supervision Officer: **LaSonia Rivers**

**Delaney**

---

## Attorney at Probable Cause Hearing:

[  ] PDS        [  ] Other        [✓] None

Name_____

Address_____

_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[  ] PDS        [✓] Other        [  ] Unknown

Name *David Sidbury*

Address *(202) 588-1990*

Phone_____

---

## I. Items Advised *{Check that the subject has been advised of the following two rights}:*

[✓] Advised of Right to a Probable Cause Hearing   [✓] Advised of Right to Attorney

---

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[  ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

    [  ] At Request of Attorney/Prisoner        [  ] Prisoner Unavailable

    [  ] Other Reason:_____

[  ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

_____

Johnson,  George                    **Exhibit   20**
Reg. No. 11472-007    DCDC No.



## III. Review of Charges:

**Charge No. 1 - Law Violation-Possession with Intent to Distribute Crack Cocaine, Possession with Intent to Distribute Cocaine, Possession with Intent to Distribute Marijuana, and Possession of Drug Paraphernalia.**

[  ] ADMITS          [✔️] DENIES

The Subject's Response

_None, Trial on 10/25/07_

[✔️] **Probable Cause Found.** After considering the violation report dated 5-25-2007, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[  ] **No Probable Cause Found**

## IV. Additional Charges:

## V. Outcome of Probable Cause Hearing:

[✔️] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

Johnson, George
Reg. No. 11472-007    DCDC No.

[  ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

    [  ] **Reinstate** to Supervision  or  [  ] **Close Case** *(If expiration date has passed)*

[  ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

    [  ] **Summon** to revocation hearing or [  ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name:  LaSonia Rivers Delaney
**Status:**_____✓**Approved**     _____**Not Approved**     _____**Pending Further Review**

Name:  Officer James Boteler MPD Badge # 2906
**Status:**_____✓**Approved**     _____**Not Approved**     _____**Pending Further Review**

## VII. Adverse Witnesses Requested by Subject:

Name:___*Officer charles Fitz  Badge #3216*___
Address:_____
Phone No._____
Status: [  ] Denied at PC Hearing   [ ✓] Approved at PC Hearing   [  ] Pending Further Review
Reason for Denial:_____

_____

Name:_____
Address:_____
Phone No._____
Status: [  ] Denied at PC Hearing   [  ] Approved at PC Hearing   [  ] Pending Further Review

Johnson,  George
Reg. No. 11472-007    DCDC No.

**IX.  Revocation Hearing:**

[ ✓ ] Local Revocation **or**        [ ] Combined Probable Cause/Local Revocation on:

Location:  [ ] CTF  [ ] DC Jail   **Date:** ___10 / 8 / 07___  **Time:** [ ] am   [ ] pm

[ ] Other at _____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov**

_____
           *Attorney/Prisoner*                                    *Date*

*Additional Text:*

_____
           *Examiner*                               8/14/07
                                                    *Date*

**Disclosure Documents:**  Warrant dated 6-4-2007, Warrant Application dated 6-4-2007, Violation Report dated 5-25-2007, with attachments, Parole Certificate dated 5-2-2001, and the Pre-Sentence Report.

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____
           *Attorney/Prisoner*                      8-14-07
                                                    *Date*

**Johnson,  George**
**Reg. No. 11472-007    DCDC No.**



## MEMO REGARDING HEARING

**Name: Johnson, George**                                          **Reg No: 11472-007**

To ......................................................: **Case Operations Administrator**

Hearing Date ......................................: October 10, 2007

Examiner.............................................: Rob Haworth

Institution ..........................................: D.C. Correctional Treatment Facility

The subject was on the Docket for a Local Revocation Hearing on this date. Metropolitan Police Department Police Officer James Boteler appeared in response to a subpoena and CSO LaSonia Rivers also appeared for the hearing. The subject's attorney did not appear.

When the subject was brought to the holding area this examiner asked him about his attorney. He stated that he has a private Attorney named David Sidbury who has an office in the District of Columbia. The subject was not certain why Mr. Sidbury was not present. He stated that it is possible that he had another court commitment.

The subject declined to waive his right to be represented by an attorney. He stated that he wanted his hearing continued so that his attorney can be present. This examiner talked with Officer Boteler who stated he would be glad to return when the hearing is rescheduled.

This examiner granted the Continuance. The subject was given a copy of the Continuance Form and this examiner provided him with the Parole Commission phone number of Lori Gobble so that Attorney Sidbury can make the necessary contact for rescheduling.

JRH/PAH
October 13, 2007

Exhibit ___21___

**Johnson, George, Reg. No. 11472-007**                        **Page 1 of 1**



U.S. Department of Justice                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: Johnson, George                    Institution:  D.C.  Correctional  Treatment
Facility
Register Number: 11472-007
DCDC No: 152-148                          Date:        October 23, 2007

---

As a result of the hearing conducted on October 10, 2007 the following action was ordered:

Your hearing has been continued to the next available docket. This is your First continuance.

**REASONS**:

Your attorney was not present on 10/10/2007.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave., N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: David Baldwin

        U.S. Probation Office
        General Supervision Unit IX-Team 53
        CSOSA
        1418 Good Hope Road, S.E.
        Washington, D.C. 20020

        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

---

Exhibit ___22___