UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE WESLEY JOHNSON,<br><br>     Petitioner,<br><br> v.<br><br>D.C. DETENTION CENTER, *et al*.,<br><br>     Respondents. | Civil Action No. 07-2140 (HHK) |

## MEMORANDUM OPINION

This matter is before the Court on a petition for a writ of habeas corpus and the government's response to the Court's December 4, 2007 Order to Show Cause. For the reasons stated below, the Court will deny the petition.

### I. BACKGROUND

On September 24, 1975 in the Superior Court of the District of Columbia, petitioner was sentenced to an aggregate prison term of 10 to 30 years on his conviction of two counts of armed kidnapping, two counts of armed robbery, two counts of assault with a deadly weapon, one count of receiving stolen weapon, and one count of unauthorized use of a vehicle. *See* Government's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Gov't Resp."), Ex. 1 (Judgment and Commitment Order, Crim. No. 89274-74); Petition ("Pet.") at 5 (page numbers designated by the Court). The District of Columbia Parole Board granted petitioner parole in 1985, 1987, and 1991, and the United States Parole Commission ("USPC") granted him parole in

2001.[1]  Gov't Resp., Ex. 2, 5, 9 and 12 (Parole Certificates dated February 28, 1985, September 17, 1987, June 27, 1997, and May 2, 2001 respectively).  His parole was revoked on three occasions.[2]  *Id.*, Ex. 4, 8 and 11 (Parole Board Orders dated January 13, 1987, June 30, 1988, June 11, 1994, respectively).  Most recently, petitioner was returned to custody on August 3, 2007 upon his arrest on a parole violator warrant.  *Id.*, Ex. 19 (Warrant) at 2 (page number designated by the Court).

The USPC had charged petitioner with alleged violations of the conditions of his parole stemming from his arrest on May 24, 2007 by a Metropolitan Police Department.  Gov't Resp., Ex. 17 (June 4, 2007 Warrant Application) & Ex. 18 (Warrant).  During a traffic stop, police searched petitioner's person and vehicle and found powder cocaine, crack cocaine, marijuana, and drug paraphernalia.  *Id.*, Ex. 17 at 2.  A USPC hearing examiner found probable cause after a hearing on August 14, 2007.  *Id.*, Ex. 20 (D.C. Probable Cause Hearing Digest) at 2 (page numbers designated by the Court).  A parole revocation hearing had been scheduled for October 10, 2007, and, because petitioner's attorney was not present, the matter was postponed to an unspecified date.[3]  *Id.*, Ex. 21 (October 10, 2007 memorandum). & Ex. 22 (October 23, 2007 Notice of Action).

## II.  DISCUSSION

Petitioner alleges that actions of the Parole Board and the USPC have extended his prison

---

[1]  The USPC assumed parole revocation responsibility of District of Columbia Code offenders on August 5, 2000.  *See* D.C. Code § 24-131 (2001).

[2]  In 2005, the USPC issued a warrant for three alleged violations of the conditions of petitioner's parole, and petitioner was returned to custody on October 19, 2005.  Gov't Resp., Ex. 13 (Warrant).  A hearing examiner made no findings as to two of the alleged violations, and concluded that a third violation did not warrant revocation.  *Id.*, Ex. 14 (December 21, 2005 Hearing Summary) at 2-4.

[3]  The record does not indicate the outcome of petitioner's parole revocation hearing.

2

term, even though he has not been convicted by another court or sentenced for another offense.[4] Pet. at 5. According to petitioner, his prison term should have expired in 2004, yet he remains in custody 33 years after his sentencing date. *See id.* By filing a petition for a writ of habeas corpus, the Court presumes that petitioner demands either his immediate release from custody or a shortening of the length of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (noting that habeas corpus relief "is not limited to immediate release from illegal custody" and encompasses a claim "attacking the very duration of [] physical confinement itself").

Evidently petitioner does not take into account the time he had not served on the underlying 1975 Superior Court sentences each time parole was revoked. *See* Gov't Resp., Ex. 7 (6,465 days remained as of June 30, 1998) at 1, Ex. 13 (5,672 days remained as of October 4, 2005) at 1, & Ex. 17 (3,115 days remained as of June 4, 2007). "The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a). "In other words, a parolee loses credit for 'street time.'" *Jackson v. Figueroa*, No. 05-2085, 2006 WL 1071414, at *2 (D.D.C. Apr. 21, 2006) (quoting *United States Parole Comm'n v. Noble*, 693 A.2d 1084, 1085 (D.C. 1997), *op. adopted*, 711 A.2d 85 (D.C. 1998) (en banc)); *see McKee v. United States Parole Comm'n*, 214 Fed. Appx. 1(D.C. Cir. 2006) (finding that "*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a)").

The fact that petitioner remains in custody more than 30 years after the imposition of the aggregate prison term of 10 to 30 years in 1975 is due to his own conduct while on parole. That

---

[4] The record shows that petitioner entered a guilty plea to a misdemeanor drug offense, and the Superior Court imposed a prison term of 240 days to be served consecutively to any other sentence. Gov't Resp., Ex. 6 (Judgment and Commitment Order, Crim. No. M-12270-86).

conduct led not only to revocation of parole but also forfeiture of street time.  Here, it appears that no respondent erred in refusing to account for the time petitioner spent on parole.  *See Thompson v. District of Columbia Dep't of Corr.*, 511 F. Supp. 2d 111, 113 (D.D.C. 2007) ("[U]pon each of petitioner's parole revocations, the number of days he spent on parole was properly rescinded and, thus, no longer counted towards the service of his prison term.").

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Petitioner makes so such showing, and, therefore, the Court must deny his petition.  An Order consistent with this Memorandum Opinion will be issued separately.

HENRY H. KENNEDY, JR.
United States District Judge